# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS,<br><br>                            *Plaintiff,*<br>   v.<br><br>FEARLESS FUND MANAGEMENT, LLC; FEARLESS FUND II, GP, LLC; FEARLESS FUND II, LP; and FEARLESS FOUNDATION, INC.<br>                            *Defendants.* | Case No. |

## COMPLAINT

1. "Racial discrimination is invidious in all contexts." *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 143 S. Ct. 2141, 2166 (2023) (cleaned up). It "demeans the dignity and worth of a person to be judged by ancestry instead of by his or her own merit and essential qualities." *Id.* at 2170 (cleaned up).

2. "Eliminating racial discrimination means eliminating all of it." *Id.* at 2161. Congress thus extended the guarantee of racial neutrality in private contracting in the Civil Rights Act of 1866. 42 U.S.C. §1981. Section 1981 "protects the equal right of all persons … to make and enforce contracts without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (cleaned up).

1

3. Defendants—Fearless Fund Management, LLC, Fearless Fund II, GP, LLC, Fearless Fund II, LP, and Fearless Foundation, Inc. (collectively "Fearless Fund")—are operating a racially-discriminatory program that blatantly violates section 1981's guarantee of race neutrality. The Fearless Strivers Grant Contest awards $20,000 grants to winning applicants. Under the program's terms, the submission of an entry forms "a contract" between Fearless Fund and the applicant.

4. Eligibility for the program depends on an applicant's race. Per the first eligibility requirement listed in the program's official rules, it is "open only to black females." To submit an entry, an applicant must "certify" that she meets all program requirements, including this racially discriminatory one.

5. Fearless Fund's explicit racial exclusion in making contracts flaunts section 1981. Plaintiff, American Alliance of Equal Rights, has members who are being excluded from the program because they are the wrong race. It's entitled to relief.

## PARTIES

6. Plaintiff, American Alliance for Equal Rights, is a nationwide membership organization dedicated to challenging distinctions and preferences made on the basis of race and ethnicity.

7. Defendant, Fearless Fund Management, LLC, is a limited liability company incorporated in Georgia and based in Atlanta.

8. Defendant, Fearless Fund II GP, LLC, is a limited liability company incorporated in Delaware and based in Atlanta.

9. Defendant, Fearless Fund II, LP, is a limited partnership formed under Delaware law and based in Atlanta.

10. Defendant, Fearless Foundation, Inc., is a nonprofit corporation incorporated in Georgia and based in Atlanta.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C. §1331.

12. Venue is proper under 28 U.S.C. §1391 because Atlanta is Fearless Fund's headquarters and principal place of business. A substantial part of the events or omissions giving rise to the claims also occurred in Atlanta.

## FACTS

**A. Fearless Fund provides grants through the Fearless Strivers Grant Contest.**

13. Fearless Fund operates the Fearless Strivers Grant Contest.

14. Through the program, Fearless Fund, which describes its mission as "bridg[ing] the gap in venture capital funding for women of color founders building scalable, growth aggressive companies," seeks to "deepe[n] its commitment" to "[b]lack women-owned businesses."

15. The program provides small businesses with "$20,000 grants." Grant recipients receive "$20,000 awarded in the form of a check, issued to

each prize winners' registered name of business." They also receive "a 30-minute one-on-one virtual mentorship session with a Mastercard Small Business Mentor and a Mastercard Digital Doors Toolkit."

16.  One grant recipient will be selected in each promotion period. The fourth and final promotion period for 2023 will begin on August 1 and close on August 31.

17.  Recipients will be selected based on the "[v]iability and strength of business," "[h]ow the business intends to use the grant," and "[p]otential business growth." "All eligible entries … will be judged by" Fearless Fund based on these factors.

18.  Potential grant recipients will be selected "approximately ten (10) business days following the completion of the applicable entry period and then notified within ten (10) business days."

19.  To apply for a grant, an applicant must "agree" to the "official rules, which are a contract."

20.  "This contract includes indemnities" for Fearless Fund, and "a limitation of [the] rights and remedies" of the applicant.

21.  In exchange for a chance at $20,000, an applicant must agree to a detailed list of requirements. For example, the applicant gives Fearless Fund the "right and permission" to use the applicant's "name, business, photograph, city/state of residence likeness, statements, biographical information, voice,

and/or prize information" for publicity and advertising. The applicant also gives Fearless Fund the right to "discuss or otherwise disclose the ideas contained in the Entry on a non-confidential basis to anyone or otherwise use the ideas without any additional compensation." The applicant gives Fearless Fund the right to publish or modify her entry. And the applicant agrees that "she will not be entitled to any compensation or right to negotiate" based on "familiarities or similarities" of ideas used by Fearless Fund.

22. The applicant must also agree to a list of additional terms. These terms, for example, give Fearless Fund the "right and permission" to use the applicant's "name, business, photograph, city/state of residence likeness, statements, biographical information, voice, and/or prize information" for publicity and advertising. Winning entries are "deemed to be assigned to Sponsor and will not be returned."

23. To apply to the program, an applicant must "certify" that it is "in compliance" with the "Official Rules" including "all eligibility requirements."

### B. Fearless Fund excludes applicants from the program based on race.

24. Eligibility for the grant depends on the business owner's race.

25. The first eligibility requirement listed in the Official Rules is that the program "is open only to black females."

26. The program's application page reiterates that it is "[o]pen to black women" and lists as the first eligibility requirement that the "[b]usiness must be at least 51% black woman owned."

27. The program's website also confirms that the program is "[o]pen to black women."

28. Fearless Fund advertises the program on Facebook, LinkedIn, Instagram, and elsewhere. On LinkedIn, the advertisement summarizes the program's requirements as: "Open to black women who are legal U.S. residents (including DC), 18+ and the principal owner of a U.S.-based small business." On Facebook, the advertisement says "Must be a black female, U.S. res., 18+ & up, small biz owner."

29. Fearless Fund has selected three winners in 2023, all of whom are black women. Fearless Fund selected winners in 2022 as well, all of whom are black women.

**C.   AAER's members are ineligible to apply to the program solely on account of race.**

30. AAER has members who are being harmed by the racially discriminatory program.

31. Owner A is a member of AAER. The business she solely owns—Business A—is also a member of AAER.

32. Owner A is ready and able to apply for a grant for Business A through the program in the fourth promotion period, but is ineligible because she is not a black woman.

33. Owner A would use the $20,000 grant for improvement and expansion of Business A.

34. Owner A meets all the nonracial requirements for the program.

35. Owner A is a woman.

36. Owner A lives in New York.

37. Owner A is over the age of 18 and above the age of majority in New York.

38. Owner A is the primary and sole owner of Business A. She is authorized to sign for Business A.

39. Business A is located in New York.

40. Business A is organized as a Limited Liability Company under the laws of New York and has fewer than 50 full-time and part-time employees.

41. Business A had annual revenue of more than $50,000 but less than $3 million in 2022.

42. Owner A is not an officer, director, or employee of Fearless Fund, Mastercard International Incorporated, or teamDigital Promotions or any of

their affiliated companies or agents. Nor is Owner A a member of the immediate family or household of an officer, director, or employee of any of those entities.

43. Owner B is a member of AAER. The business she solely owns—Business B—is also a member of AAER.

44. Owner B is ready and able to apply for a grant for Business B through the program in the fourth promotion period, but is ineligible because she is not a black woman.

45. Owner B would use the $20,000 grant for website development and marketing.

46. Owner B meets all the nonracial requirements for the program.

47. Owner B is a woman.

48. Owner B lives in Virginia.

49. Owner B is over the age of 18 and above the age of majority in Virginia.

50. Owner B is the primary and sole owner of Business B. She is authorized to sign for Business B.

51. Business B is located in Virginia.

52. Business B is organized as a Limited Liability Company under the laws of Virginia and has fewer than 50 full-time and part-time employees.

53. Business B had annual revenue of more than $50,000 but less than $3 million in 2022.

54. Owner B is not an officer, director, or employee of Fearless Fund, Mastercard International Incorporated, or teamDigital Promotions or any of their affiliated companies or agents. Nor is Owner B a member of the immediate family or household of an officer, director, or employee of any of those entities.

55. Owner C is a member of AAER. The business she solely owns—Business C—is also a member of AAER.

56. Owner C is ready and able to apply for a grant for Business C through the program in the fourth promotion period, but is ineligible because she is not a black woman.

57. Owner C would use the $20,000 grant to grow Business C's online presence in order to expand awareness to potential customers.

58. Owner C meets all the nonracial requirements for the program.

59. Owner C is a woman.

60. Owner C lives in Virginia.

61. Owner C is over the age of 18 and above the age of majority in Virginia.

62. Owner C is the primary and sole owner of Business C. She is authorized to sign for Business C.

63. Business C is located in Virginia.

64. Business C is organized as a Limited Liability Company under the laws of Virginia and has fewer than 50 full-time and part-time employees.

65. Business C had annual revenue of more than $50,000 but less than $3 million in 2022.

66. Owner C is not an officer, director, or employee of Fearless Fund, Mastercard International Incorporated, or teamDigital Promotions or any of their affiliated companies or agents. Nor is Owner C a member of the immediate family or household of an officer, director, or employee of any of those entities.

## COUNT
## Violation of the Civil Rights Act of 1866
## 42 U.S.C. §1981

67. AAER repeats and realleges each of the prior allegations.

68. Section 1981 guarantees "[a]ll persons … the same right … to make and enforce contracts … as is enjoyed by white citizens." 42 U.S.C. §1981(a).

69. This provision "protects the equal right of all persons … to make and enforce contracts without respect to race." *Domino's*, 546 U.S. at 474 (cleaned up); *see also McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 298 (1976) (section 1981 "was meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any

race."). Section 1981 "prohibits intentional race discrimination in the making and enforcement of public and private contracts." *Jenkins v. Nell*, 26 F. 4th 1243, 1249 (11th Cir. 2022).

70. These rights "are protected against impairment by nongovernmental discrimination." 42 U.S.C. §1981(c).

71. A contract "need not already exist." *Domino's Pizza*, 546 U.S. at 475. Section 1981 "protects the would-be contractor along with those who have already made contracts." *Id*. Thus, section 1981 "offers relief when racial discrimination blocks the creation of a contractual relationship." *Id*.

72. Section 1981 authorizes equitable and legal relief, including compensatory and punitive damages. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975).

73. Defendants are violating section 1981 by expressly excluding all non-black entrants from the program.

74. The program implicates a right protected by section 1981—the right to "make … contracts." 42 U.S.C. §1981(a).

75. Entry in the program forms a contractual relationship between Fearless Fund and the applicant. The official rules of the program "are a contract." An applicant "agree[s]" to those rules "by entering th[e] contest." Under that contract, the applicant obtains a chance at $20,000. In exchange, Fearless

Fund obtains, among other things, the right to use information about the applicant for publicity and to use the ideas in the application without further compensation.

76. The formation of this contractual relationship is explicitly limited based on race. The program is "open only to black females." An applicant must "certify" that she meets "all eligibility requirements," including this racial requirement, to enter.

77. Fearless Fund's express and intentional racial discrimination in the making of contracts violates section 1981.

## PRAYER FOR RELIEF

AAER respectfully requests that this Court enter judgment in its favor and against Fearless Fund and provide the following relief:

A. A declaratory judgment that Defendants' Fearless Strivers Grant Contest violates Section 1981.

B. A temporary restraining order and preliminary injunction barring Defendants from closing the fourth application period, selecting grant recipients, or enforcing their racially discriminatory eligibility criteria for the Fearless Strivers Grant Contest.

C. A permanent injunction barring Defendants from enforcing their racially discriminatory eligibility criteria for the program.

D. Nominal damages.

E. Reasonable costs and expenses of this action, including attorneys' fees, under 42 U.S.C. §1988 and any other applicable laws.

F. All other relief that AAER is entitled to, including any relief necessary to undo Defendants' closure of the application window or selection of a winner.

Dated: August 2, 2023

Thomas R. McCarthy (VA Bar #82787)
(pro hac vice forthcoming)
Cameron T. Norris (VA Bar #91624)
(pro hac vice forthcoming)
Gilbert C. Dickey (DC Bar #1645164)
(pro hac vice forthcoming)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
gilbert@consovoymccarthy.com

Respectfully submitted,

　/s/   *J. William Fawcett*　
J. William Fawcett, Sr. (GA Bar #646162)
Chambliss & Fawcett, LLP
2900 Paces Ferry Road, Ste. B-101
Atlanta, GA 30339
(770) 434-0310
wfawcett@cf-firm.com

## CERTIFICATE OF COMPLIANCE

This document complies with Local Rule 5.1(B) because it uses 13-point Century Schoolbook.

/s/ *J. William Fawcett*