IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, <br><br> *Plaintiff*, <br><br> v. <br><br> FEARLESS FUND MANAGEMENT, LLC, *et al.* <br><br> *Defendants.* | Case No. <br><br> HEARING REQUESTED |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS <u>EMERGENCY</u> MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**
**<u>(RELIEF REQUESTED BY AUGUST 17, 2023)</u>**

"Racial discrimination is invidious in all contexts." *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 143 S. Ct. 2141, 2166 (2023) (cleaned up). It "demeans the dignity and worth of a person to be judged by ancestry instead of by his or her own merit and essential qualities." *Id.* at 2170 (cleaned up). "Eliminating racial discrimination means eliminating all of it." *Id.* at 2161.

Congress thus extended the guarantee of racial neutrality in private contracting in the Civil Rights Act of 1866. 42 U.S.C. §1981. Section 1981 "protects the equal right of all persons … to make and enforce contracts without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (cleaned up). It applies to private and public actors alike.

1

Defendants—Fearless Fund Management, LLC, Fearless Fund II, GP, LLC, Fearless Fund II, LP, and Fearless Foundation, Inc. (collectively "Fearless Fund")—are operating a racially-discriminatory program that blatantly violates section 1981. Their Fearless Strivers Grant Contest awards $20,000 grants to winning applicants. Under the program's terms, it forms "a contract" between Fearless Fund and the applicant. Eligibility for the program depends on an applicant's race. Per the first eligibility requirement listed in the official rules, it is "open only to black females." To submit an entry, an applicant must "certify" that she meets all contest requirement, including this racially discriminatory one.

Fearless Fund's explicit racial exclusion in making contracts flaunts section 1981. Plaintiff, American Alliance of Equal Rights, has members who are ready and able to apply for the program, but cannot because they are the wrong race. The application period for the fourth and final round will close on August 31. AAER requests that this Court preliminarily enjoin Fearless Fund from enforcing its racially discriminatory criteria. To ensure that this Court can resolve its claim and to prevent irreparable harm, AAER also requests that this Court temporarily enjoin Fearless Fund from closing the fourth application period or awarding grants. Given the press of time, AAER requests this Court's action on the TRO **by August 17, 2023**.

## BACKGROUND

Fearless Fund operates the Fearless Strivers Grant Contest. Through the program, Fearless Fund, which describes its mission as "bridg[ing] the gap in venture capital funding for women of color founders building scalable, growth aggressive companies," seeks to "deepen its commitment" to "[b]lack women-owned businesses." Dickey Decl., Ex. A at 1, Ex. D at 2. The program will award four small businesses "$20,000 grants." Ex. A at 1. One grant will be awarded in each of four promotion periods. Ex. B. at 11. To receive a grant, an applicant must submit an entry form that includes "required business information, business-related questions and six (6) essay questions." *Id*. at 3. "All eligible entries" will then "be judged" by Fearless Fund based on the "[v]iability and strength of business," "[h]ow the business intends to use the grant," and "[p]otential for business growth." *Id*. at 9.

The fourth and final promotion period will open on August 1, 2023 and will close on August 31, 2023. *Id*. at 3. A potential winner will be selected approximately ten business days after the closing of the promotion period and informed within another ten business days after selection. *Id*. at 10. The potential winner will then have five days to complete forms to accept the grant. *Id*. After a background check, she "will receive $20,000 awarded in the form of a check, issued to" her "registered name of business." *Id*. at 11.

3

Eligibility for the program depends on a business owner's race. The first eligibility requirement listed in the Official Rules is that the program is "open only to black females." *Id*. at 2. This limitation is confirmed by the program's application page, which states that the contest is "[o]pen to black women" and lists that a "[b]usiness must be at least 51% black woman owned." Ex. C at 1. The program's website also confirms that it is only "[o]pen to black women." *Id*., Ex. A at 1.

Fearless Fund's advertising for the program also confirms that eligibility is based on race. Fearless Fund advertises the program on Facebook, LinkedIn, Instagram, and elsewhere. Exs. E-G. The LinkedIn advertisement summarizes the program's requirements as "Open to black women who are U.S. residents (including DC), 18+ and the principal owner of a U.S.-based small business." Ex. F. On Facebook, the advertisement reiterates "Must be a black female, U.S. res, 18+ & up, small biz owner." Ex. E.

The submission of an application forms a contract between Fearless Fund and the applicant. To apply, an applicant must "agree" to the "official rules, which are a contract." Ex. B at 2. To obtain a chance at $20,000, an applicant agrees that Fearless Fund can use her "name, business name, photograph, city/state of residence, likeness, statements, biographical information, voice, and/or prize information for any and all public relations, advertising, promotional purposes and/or any forms of media." *Id.* at 12. She also gives

Fearless Fund the right to "discuss or otherwise disclose the ideas" in the entry "or otherwise use the ideas without any additional compensation." *Id*. at 7.

An applicant must meet the racial requirement to enter this contract with Fearless Fund. An applicant forms a contract with Fearless Fund "by entering this contest." *Id*. at 2. But to apply, an applicant must "certify" that she meets "all eligibility requirements," including the racial one. *Id*. at 4.

American Alliance for Equal Rights is a nationwide membership organization dedicated to challenging distinctions and preferences based on race and ethnicity. Blum Dec. ¶3. The Alliance has members who are being harmed by Fearless Fund's racially discriminatory program. *Id*. ¶¶4-5. For example, Owner A, Owner B, and Owner C are all members of AAER who are ready and able to apply to for a grant for their businesses through the Fearless Strivers Grant Contest, but they are ineligible because they are the wrong race. Owner A Dec. ¶¶3, 10; Owner B Dec. ¶¶3, 10; Owner C Dec. ¶¶3, 10.

Owner A, Owner B, and Owner C each meet all the criteria for the program except the racial requirement. Owner A Dec. ¶5; Owner B Dec. ¶5; Owner C Dec. ¶5. They are women, and they are the sole and primary owners of their respective businesses. Owner A Dec. ¶¶2, 6; Owner B Dec. ¶¶2, 6, Owner C Dec. ¶¶2, 6. Each is authorized to sign for her business. Owner A Dec. ¶2; Owner B Dec. ¶2; Owner C Dec. ¶2. All three are over 18 and above the age of majority in the state where they reside. Owner A Dec. ¶¶1, 8; Owner B Dec.

5

¶¶1, 8; Owner C Dec. ¶¶1, 8. Their businesses—Business A, Business B, and Business C—had more than $50,000 in revenue, but less than $3 million in revenue in 2022. Owner A Dec. ¶11; Owner B Dec. ¶11; Owner C ¶11. All three businesses have fewer than 50 employees and are also members of AAER. Owner A Dec. ¶¶10, 13; Owner B Dec. ¶¶10, 13; Owner C Dec. ¶¶10, 13. Owner A's business, Business A, is a limited liability company established under the laws of New York and located in New York. Owner A Dec. ¶¶9-10. Owner B's business, Business B, is a limited liability company established under the laws of Virginia and located in Virginia. Owner B Dec. ¶¶9-10. Owner C's business, Business C, is a limited liability company established under the laws of Virginia and located in Virginia. Owner C Dec. ¶¶9-10. Neither Owner A, Owner B, Owner C nor any member of their immediate families or households is an officer, director, or employee of Fearless Fund, Mastercard International Incorporated, or teamDigital Promotions. Owner A Dec. ¶12; Owner B Dec. ¶12; Owner C Dec. ¶12.

## ARGUMENT

AAER is entitled to a TRO and a preliminary injunction if it can satisfy four factors: it has "a substantial likelihood of success on the merits," it "will suffer irreparable harm" without preliminary relief, the balance of harms

6

weighs in its favor, and an injunction is "would not disserve the public interest." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015). AAER satisfies all four factors.

**I.     AAER is likely to succeed on the merits.**

Section 1981 gives "[a]ll persons … the same right … to make and enforce contracts … as is enjoyed by white citizens." 42 U.S.C. §1981(a). It "protects the equal right of all persons … to make and enforce contracts without respect to race." *Domino's Pizza*, 546 U.S. at 474 (cleaned up); *see also McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 298 (1976) (section 1981 "was meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race."). As the Eleventh Circuit recently confirmed, "[s]ection 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts." *Jenkins v. Nell*, 26 F. 4th 1243, 1249 (11th Cir. 2022). These rights "are protected against impairment by nongovernmental discrimination" too. 42 U.S.C. §1981(c).

Fearless Fund is violating section 1981 by excluding non-black applicants from the program because of their race. To begin, the program implicates a right protected by section 1981—the right to "make … contracts." 42 U.S.C. §1981(a). "[A] contractual relationship need not already exist" for this right to be implicated. *Domino's Pizza*, 546 U.S. at 475. Section 1981 "protects the would-be contractor along with those who have already made contracts." *Id*. It

7

"offers relief when racial discrimination blocks the creation of a contractual relationship." *Id.*

The program creates a contractual relationship between applicants and Fearless Fund. The official rules of the program "are a contract." Dickey Dec., Ex. B. at 2. An applicant "agree[s]" to those rules "by entering th[e] contest." *Id.* Under that contract, the applicant obtains a chance at $20,000. *Id.* at 11. In exchange, Fearless Fund obtains, among other things, the right to use information about the applicant for publicity and to use the ideas in the application without further compensation. *Id.* at 6, 12.

Owners A and B cannot enter this contractual relationship and obtain a chance at $20,000, however, because they are the wrong race. The program is "open only to black females." *Id.* at 2. To submit an application, an applicant must "certify" that she meets "all eligibility requirements," including the racial one. *Id.* at 4. So Owners A, B, and C are intentionally excluded solely because of race. That's plainly illegal, and has been for many decades.

## II. AAER and its members will suffer irreparable harm without immediate relief.

AAER and its members will suffer irreparable harm absent interim relief from this Court. "The injury in cases of this kind is that a discriminatory classification prevents the plaintiff from competing on equal footing." *Adarand*

*Constructors, Inc. v. Pena*, 515 U.S. 200, 211 (1995) (cleaned up); *see also Parents Involved in Cmty. Schs. v. Seattle School Dist No. 1*, 551 U.S 701, 719 (recognizing "being forced to compete in a race-based system that may prejudice the plaintiff" as "one form of harm"). This injury is "the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit." *Ne. Fla Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). It is irreparable. *See, e.g.*, *Coal. for Equity and Excellence in Md. Higher Ed. V. Md. Higher Ed. Comm'n*, 295 F. Supp. 3d 540, 556 (D. Md. 2017) ("Irreparable injury comes from the maintenance of segregative policies[.]").

Moreover, the application deadline for the program is fast-approaching. The application period for the fourth and final promotion period will close on August 31. *See* Dickey Dec., Ex. B. at 3. A grant recipient will be selected, and the grant funds will be issued shortly after that deadline. *Id.* at 10, 11. Once the application period closes and winners have been selected, AAER's members will have "no do-over and no redress." *League of Women Voters v. Newby*, 838 F.3d 1, 9 (D.C. Cir. 2016). They will have lost all opportunity to apply for or receive a grant in the ordinary course.

### III. The balance of the harms favors AAER.

The balance of harms favors AAER. The harm suffered by AAER and its members as a result of Fearless Fund's discriminatory program is substantial,

9

as just explained. On the other side, Fearless Fund only faces the potential for a slight delay in its ability to move forward with the program. This delay will "not substantially injure" it. *League of Women Voters*, 868 F.3d at 12. Courts have recognized that a mere delay in a deadline imposes little, if any, harm, especially where the deadline was "arbitrarily set in the first place." *GOS Operator, LLC v. Sebellius*, 2012 WL 175056, at *5 (S.D. Ala. Jan. 20). And Fearless Fund brought any harm it might suffer on itself by adopting a racially discriminatory program. *See Kos Pharms., Inc. v. Andryx Corp.*, 369 F.3d 700, 728 (3d Cir. 2004).

## IV. The public interest favors AAER.

The public interest likewise weighs in AAER's favor. "[C]ivil rights actions vindicate a public interest." *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1306 (11th Cir. 2001). And "[i]t is in the public interest for courts to carry out the will of Congress." *Myland Pharm., Inc. v. Shalala*, 81 F. Supp. 2d 30, 45 (D.D.C. 2000). Especially here, where Fearless Fund has engaged in "[r]acial discrimination" which "is invidious in all contexts." *SFFA*, 143 S. Ct. at 2166 (cleaned up). Enforcing the terms of section 1981 to bar this racially discriminatory program would further the public interest.

## CONCLUSION

For all these reasons, this Court should enjoin Defendant from closing the current application period for the Fearless Strivers Grant Contest and from

issuing any grant awards until Plaintiff's motion for a preliminary injunction can be heard. The Court should then preliminarily enjoin the Fearless Fund's racially exclusive program.

Dated: August 2, 2023

Thomas R. McCarthy (VA Bar #82787)
(pro hac vice forthcoming)
Cameron T. Norris (VA Bar #91624)
(pro hac vice forthcoming)
Gilbert C. Dickey (DC Bar #1645164)
(pro hac vice forthcoming)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
gilbert@consovoymccarthy.com

Respectfully submitted,

 */s/   J. William Fawcett*
J. William Fawcett, Sr. (GA Bar #646162)
Chambliss & Fawcett, LLP
2900 Paces Ferry Road, Ste. B-101
Atlanta, GA 30339
(770) 434-0310
wfawcett@cf-firm.com

## CERTIFICATE OF COMPLIANCE

This document complies with Local Rule 5.1(B) because it uses 13-point Century Schoolbook.

/s/ *J. William Fawcett*

## CERTIFICATE OF SERVICE

I filed this document and any accompanying documents via ECF. Because Defendants have not yet entered an appearance, I am serving this document and any accompanying documents by an in-person server at the addresses below:

Fearless Fund Management, LLC
c/o Arian Simone Reed
384 Northyards Blvd NW
Atlanta, GA 30313

Fearless Foundation, Inc.
c/o Arian Simone Reed
3151 Stillhouse Creek Dr. SE
Atlanta, GA 30039

Fearless Fund II, GP, LLC
c/o Arian Simone Reed
384 Northyards Blvd NW, Suite 190
Atlanta, GA 30313

Fearless Fund II, LP
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

I will notify the Court once Defendants have been served.

Dated: August 2, 2023

/s/ *J. William Fawcett*
J. William Fawcett, Sr.

1